IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Lite-Foot Hosiery, Inc., | ) | Case No.: 09-42141-BGC-11 |
| Debtor. | ) | |
| Lite-Foot Hosiery, Inc., | ) | |
| Plaintiff, | ) | |
| vs. | ) | A. P. No.: 09-40116 |
| Promptex Yarns, Inc., | ) | |
| Defendant. | ) | |
| Unsecured Creditors Committee, | ) | |
| Third Party Plaintiff, | ) | |
| vs. | ) | |
| Promptex Yarns, Inc., | ) | |
| Third Party Defendant. | ) | |

**MEMORANDUM OPINION**

The matters before the Court are:

1) The Defendant Promptex Yarns, Inc.'s Motion for Summary Judgment filed on September 22, 2010. Docket No. 52; and

2) The Unsecured Creditors' Committees' Objection to Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment filed on October 13, 2010. Docket No. 58.

After notice, a hearing was held on October 27, 2010. Appearing were: Stephen Paul Bussman, the attorney for the Debtor; Robert Rubin and James Haithcock, III, the attorneys for Promptex Yarns, Inc.; and David Matthews, the attorney for the Unsecured Creditors' Committee. The matters were submitted on the arguments of counsel and the pleadings.

## I. Background

The basic facts necessary to decide the pending motions, as summarized from the pleadings, are these.

The Defendant in this proceeding filed a state court action against the Debtor to collect on a debt. A consent judgment was entered against the Debtor for $73,805.86 in the state court. A certificate of judgment certifying the judgment was recorded in the probate court of DeKalb County, Alabama, the county where the consent judgment was reached. The correct spelling of the debtor's name is "Lite-Foot Hosiery, Inc." The certificate of judgment filed with the probate court spelled the name as, "Lite Foot Hosiery, Inc.," that is <u>without</u> the hyphen.

The Plaintiff-Committee seeks to avoid the Defendant's consent judgment. They contend that a search of the DeKalb County records under the correct spelling – "Lite-Foot Hosiery, Inc.," would not disclose the judgement against the debtor. As such, they conclude that the judgment is avoidable.

The Defendant contends that a search of the DeKalb County records would reveal the judgment, notwithstanding the "inadvertent omission" of the hyphen in the name on the certificate of judgment.

Both sides support their arguments with evidentiary submissions. Two of those submissions are competing affidavits from Ms. Linda Chitwood, the recording clerk for the Dekalb County Probate Court.

The Plaintiff-Committee's affidavit of Ms. Chitwood includes:

> 6. As of June 28, 2010, a computer search using the name "Lite-Foot Hosiery, Inc." as grantor, will produce an index of filed documents, a true and correct copy of which is attached hereto as Exhibit A, which does not include nay [sic] reference to the Promptex Yarns, Inc. certificate of judgment filed December 15, 2008. On the other hand, a search using the name "Lite Foot" [without the hyphen] will produce a different index of filed documents, a true and correct copy of which is attached hereto as Exhibit B, which will not include any filed documents that contain the hyphen in the name.

<u>Affidavit of Linda Chitwood</u> at 2, Docket No 61 at 6. The attachment to this affidavit includes two lists. One list shows a search by the name "Lite-Foot Hosiery." The other is a search by the name "Lite Foot Hosiery." The "hyphen" search does not include the Defendant's judgment. The "non-hyphen" search does.

The Defendant's affidavit of Ms. Chitwood includes:

> 4. Attached to this Affidavit are two pages of records from the Probate Court's computer search database. I hereby certify that the records attached to this Affidavit are true and correct copies of the original search records of the Probate Court.
>
> 5. The computer search system in Dekalb County, utilized by the Probate Court, is setup to produce twenty-five ("25") search results per search, regardless of the terms entered.
>
> 6. The list produced by the computer search system based on the search terms entered is in alphabetical order by the party or entities name and the user can navigate within the list using the buttons labeled "Prev" and "Next," respectively.

Affidavit of Linda Chitwood at 2, Docket No 62 at 14. The attachment to this affidavit has numerous entries regarding both "Lite-Foot Hosiery" and "Lite Foot Hosiery." It does include the Defendant's judgment.

## II. Summary Judgment Standards

The standards for resolving summary judgment motions are outlined in the Eleventh Circuit Court of Appeals decision in Fitzpatrick v. City of Atlanta, 2 F.3d 1112 (11th Cir. 1993). This Court applied those standards in this matter.[1]

---

[1] The part pertinent to this proceeding is:

A. Introduction

Under Fed.R.Civ.P. 56(c), a moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The substantive law applicable to the case determines which facts are material. The district court should resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor.

In Adickes v. Kress, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), the Supreme Court instructed the federal courts to employ a two-part framework of shifting burdens to determine whether, as regards a given material fact, there exists a genuine issue precluding summary judgment. The operation of this framework was modified significantly in Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The current framework is set out below.

Applying these standards here, and based on the competing Chitwood affidavits, the Court finds that there is a genuine issue of material fact. Consequently neither moving party is entitled to judgment.

### III. Order

Based on the above, It is **ORDERED** that:

1. The <u>Defendant Promptex Yarns, Inc.'s Motion for Summary Judgment</u> is **DENIED**; and

2. The <u>Unsecured Creditors' Committees' Objection to Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment</u> is **DENIED**;

3. A status conference on this proceeding will be scheduled by separate notice.

Dated: February 28, 2011 /s/Benjamin Cohen
BENJAMIN COHEN
BC:pb United States Bankruptcy Judge

---

B. Movant's Initial Burden

The movant's initial burden consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. The nature of this responsibility varies, however, depending on whether the legal issues, as to which the facts in question pertain, are ones on which the movant or the non-movant would bear the burden of proof at trial.

1. For Issues on Which Movant
Would Bear Burden of Proof at Trial

As interpreted by this court sitting en banc, <u>Celotex</u> requires that for issues on which the movant would bear the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

4